IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RICHARD A. DAVIS,

    Plaintiff(s),

v.

MONY LIFE INSURANCE COMPANY a
Division of AXA Financial, JANET E. DAVIS
now known as JANET E. GARRITY, CRAIG
A. DUNNING,

    Defendant(s).

08cv0938
**ELECTRONICALLY FILED**

## MEMORANDUM ORDER

Before the Court is the motion (partial) to dismiss, or in the alternative for summary judgment by defendant Mony Life Insurance Company[1] (doc. no. 9). Specifically, defendants seek to dismiss Counts IV, V, VI, VII and XVI of the Complaint. After careful consideration of the motion and brief in support, and of plaintiff's response and brief in opposition to the motion to dismiss, the Court will deny the motion.

In deciding a motion to dismiss pursuant to Fed.R.Civ.P. Rule 12(b)(6), the Court accepts the well-pleaded factual allegations of the complaint as true, and draws all reasonable inferences therefrom in favor of the plaintiff. *Armstrong Surgical Ctr., Inc. v. Armstrong County Mem'l Hosp.*, 185 F.3d 154, 155 (3d Cir. 1999). A claim should not be dismissed if the factual allegations raise a right to relief "above the speculative level." *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S.Ct. 1955 (2007). See also *Phillips v. County of Allegheny*, 515 F.3d 224, 232

---

[1]Defendant Money Life Insurance Company originally filed this motion and defendant Craig Dunning filed a Motion for Joinder as to the Motion to Dismiss (doc. no. 16), which this Court granted on 8/27/08. Defendant Garrity has been served with the complaint, but an appearance has not been entered on her behalf (doc. no. 11).

(3d Cir. 2008) (*Twombly* 's "plausibility" paradigm for evaluating the sufficiency of complaints is not restricted to the antitrust context but is equally applicable in context of civil rights actions and Rule 12(b)(6) review in general), *cited with approval in Wilkerson v. New Media Tech. Charter School Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) ("Today, we extend our holding in *Phillips* to the employment discrimination context. The plausibility paradigm announced in *Twombly* applies with equal force to analyzing the adequacy of claims of employment discrimination."); *Sovereign Bank v. BJ's Wholesale Club, Inc.*, ___ F.3d ___, 2008 WL 2745939 (3d Cir. 2008) (*Twombly* paradigm applies in context of breach of contract, negligence, and equitable indemnification action against merchant and against affiliate of bank that processed credit card transactions).

As explained and clarified by the United States Court of Appeals for the Third Circuit in the *Phillips* case:

> In determining how *Twombly* has changed [the Rule 12(b)(6)] standard, we start with what *Twombly* expressly leaves intact. The Supreme Court reaffirmed that Fed.R.Civ.P. 8 " 'requires only a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests,' " and that this standard does not require "detailed factual allegations." *Twombly*, 127 S.Ct. at 1964 (quoting *Conley* [*v. Gibson*, 355 U.S. 31, 47 (1957)]. The Supreme Court also reaffirmed that, on a Rule 12(b)(6) motion, the facts alleged must be taken as true and a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits. See *id*. at 1964-65, 1969 n. 8. The Supreme Court did not address the point about drawing reasonable inferences in favor of the plaintiff, but we do not read its decision to undermine that principle.
>
> . . . First, . . [t]he Court explained that Rule 8 "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Id*. at 1965 n. 3. Later, the Court referred to "the threshold requirement of Rule 8(a)(2) that the 'plain statement' possess enough heft to 'sho[w] that the pleader is entitled to relief.' " *Id*. at 1966. The Court further explained that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965 & n. 3.

Second, the Supreme Court disavowed certain language that it had used many times before -- the "no set of facts" language from *Conley*. See *id*. at 1968. It is clear that the "no set of facts" language may no longer be used as part of the Rule 12(b)(6) standard. As the Court instructed, "[t]his phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 127 S.Ct. at 1969. We find that these two aspects of the decision are intended to apply to the Rule 12(b)(6) standard in general. . . .

. . . [T]he *Twombly* decision focuses our attention on the "context" of the required short, plain statement. Context matters in notice pleading. Fair notice under Rule 8(a)(2) depends on the type of case-some complaints will require at least some factual allegations to make out a "showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 127 S.Ct. at 1964. Indeed . . . , we understand the Court to instruct that a situation may arise where, at some point, the factual detail in a complaint is so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8. . . .  Put another way, in light of *Twombly*, Rule 8(a)(2) requires a "showing" rather than a blanket assertion of an entitlement to relief. We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only "fair notice," but also the "grounds" on which the claim rests. See *Twombly*, 127 S.Ct. at 1965 n. 3.

. . . The second important concept we take from the *Twombly* opinion is the rejection of *Conley*'s "no set of facts" language. The *Conley* language was problematic because, for example, it could be viewed as requiring judges to speculate about undisclosed facts. . . . After *Twombly*, it is no longer sufficient to allege mere elements of a cause of action; instead "a complaint must allege facts suggestive of [the proscribed] conduct." . . .

\* \* \*

Thus, under our reading, the notice pleading standard of Rule 8(a)(2) remains intact, and courts may generally state and apply the Rule 12(b)(6) standard, attentive to context and an showing that "the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 127 S.Ct. at 1964. It remains an acceptable statement of the standard, for example, that courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." . . .

*Phillips*, 515 F.3d at 231-234 (parallel and additional citations omitted).  See also *Budinsky v.*

*Pennsylvania Dept. of Envt'l. Res.*, 819 F.2d 418, 421 (3d Cir. 1987) (in making this determination, the district court must construe the pleading in the light most favorable to the non-moving party) and *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (court will accept all factual allegations in complaint as true, but is not compelled to accept "unsupported conclusions and unwarranted inferences" or "a legal conclusion couched as a factual allegation").

Since the Federal Rules of Civil Procedure continue to require notice pleading, not fact pleading, to withstand a Rule 12(b)(6) motion, the plaintiff "need only make out a claim upon which relief can be granted. If more facts are necessary to resolve or clarify the disputed issues, the parties may avail themselves of the civil discovery mechanisms under the Federal Rules." *Alston v. Parker*, 363 F.3d 229, 233 n.6 (3d Cir. 2004), *quoting Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512 (2002) ("This simplified notice pleading standard relies on liberal discovery rules . . . to define facts and issues and to dispose of unmeritorious claims.").

Viewed in light of the forgoing liberal pleading standards, this Court simply can not say, at this early stage of the proceedings, that plaintiff will be able to state no set of facts in support of his claims.

### **Whether Tort Claims Are Time Barred Is A Jury Question**

Defendants allege that the tort claims should be dismissed because they are time barred, and they attach a letter purporting to show that plaintiff was aware of the alleged fraud more than two years prior to the filing of the complaint. Even if the Court were to convert the motion to one for summary judgment by relying on matters which are outside of the pleadings, the Court finds that the discovery rule is applicable to the instant case. In *Fine v. Checcio*, 870 A.2d 850, 859 (Pa. 2005), the Pennsylvania Supreme Court stated that "the discovery rule applies to toll the statute of limitations in any case where a party neither knows nor reasonably should have known

of his injury *and its cause* at the time his right to institute suit arises." (Emphasis added). After reviewing the allegations in the complaint, and the September 23, 2006 letter in the light most favorable to the non-moving party, the Court finds that the tort claims are not time barred as a matter of law and that the issue of whether the statute of limitations should be tolled must be resolved by the trier of fact.

### Whether Defendant Garrity's Forgery Was a Superseding Cause Is A Jury Question

Furthermore, defendants claim that defendant Garrity's forgery of plaintiff's signature constitutes a superseding cause of plaintiff's harm. This Court finds that the determination of whether or not Garrity's conduct alleviates defendant Mony from liability is also question for the jury. While defendants cite *Calex Express Inc. v. Bank of America*, 401 F.Supp.2d 407 (M.D. Pa. 2005) to support their position, the Court finds *Calex Express* to be inapplicable to the present case because the alleged fraudulent endorsement in *Calex Express* was not performed by an employee of the insurer. Here, plaintiff alleges that its employees and/or agents committed fraudulent acts in their capacity as employees and agents of defendant Mony. Accordingly, the tort claims are not barred on this basis.

### The Gist of the Action Doctrine Does Not Bar Plaintiff's Negligence Claims

Defendants also argue that the "gist of the action" doctrine bars plaintiff's claims of misrepresentation and negligence. The "gist of the action" rule has not been addressed by the Supreme Court of Pennsylvania, but was first recognized in 1992 by the Superior Court of Pennsylvania in *Bash v. Bell Tel. Co.*, 601 A.2d 825 (Pa. Super. 1992). As described by the United States Court of Appeals for the Third Circuit:

> Under [Pennsylvania's] "gist of the action" test,
> to be construed as a tort action, the [tortious] wrong ascribed to the

> defendant must be the gist of the action with the contract being collateral.... [T]he important difference between contract and tort actions is that the latter lie from the breach of duties imposed as a matter of social policy while the former lie for the breach of duties imposed by mutual consensus.
>
> *Redevelopment Auth. of Cambria County v. International Ins. Co.*, 454 Pa.Super. 374, 685 A.2d 581, 590 (1996) (*en banc*) (quoting *Phico Ins. Co. v. Presbyterian Med. Servs. Corp.*, 444 Pa.Super. 221, 663 A.2d 753, 757 (1995)). In other words, a claim should be limited to a contract claim when "the parties' obligations are defined by the terms of the contracts, and not by the larger social policies embodied in the law of torts." *Bash v. Bell Telephone Co.*, 411 Pa.Super. 347, 601 A.2d 825, 830 (1992).

*Bohler-Uddeholm America, Inc. v. Ellwood Group, Inc.*, 247 F.3d 79, 103-04 (3d Cir. 2001).

As Judge Maureen Lally-Green stated for the Superior Court panel, in *Etoll, Inc. v. Elias/Savion Advertising, Inc.*, 811 A.2d 10 (Pa. Super. 2002), to date "no Pennsylvania state appellate case has addressed the interplay between fraud and the gist of the action doctrine" 811 A.2d at 15-16, but in predicting that the Supreme Court of Pennsylvania would adopt the doctrine and apply it to fraud claims, the Superior Court analyzed numerous "[f]ederal cases within the Third Circuit [that] have consistently applied the gist of the action test to fraud claims. The separate question of whether the fraud claim was actually barred by the doctrine appears to vary based on the individual circumstances and allegations of the plaintiff. In order to illustrate these principles . . . ," the Superior Court briefly discussed eleven federal district court decisions from within the Third Circuit dating from 1997 to 2002 applying the gist of the action rule to fraud claims, and predicted the Supreme Court of Pennsylvania would do the same.

Summarizing the general principles gleaned from those federal cases, *Etoll* stated:

> ¶ 28 Thus, persuasive authority interpreting Pennsylvania law has restated the gist of the action doctrine in a number of similar ways. These courts have held that the doctrine bars tort claims: (1) "arising solely from a contract between the parties" (*Galdieri* [*v. Monsanto Co.*, 2002 U.S. Dist. Lexis, 11391 at *33 (E.D. Pa. 2002)]; (2) where "the duties allegedly breached

> were created and grounded in the contract itself" (*Werner Kammann* [*Maschinenfabrick GmbH. v. Max Levy Autograph, Inc.*, 2002 WL 126634 at **6-7 (E.D.Pa. 2002)]; (3) where "the liability stems from a contract" (*Asbury* [*Auto. Group LLC. v. Chrysler Ins. Co.*, 2002 WL 15925 at *3 (E.D.Pa. 2002)]; or (4) where the tort claim "essentially duplicates a breach of contract claim or the success of which is wholly dependent on the terms of a contract." (*Polymer Dynamics* [*, Inc. v. Bayer Corp.*, 2000 WL 1146622 at *6 E.D.Pa. 2000)].
>
> ¶ 29 These courts have not carved out a categorical exception for fraud, and have not held that the duty to avoid fraud is always a qualitatively different duty imposed by society rather than by the contract itself. Rather, the cases seem to turn on the question of whether the fraud concerned the performance of contractual duties. If so, then the alleged fraud is generally held to be merely collateral to a contract claim for breach of those duties. If not, then the gist of the action would be the fraud, rather than any contractual relationship between the parties.

*Etoll*, 811 A.2d at 19-20 (parallel citations omitted).

In *Etoll*, the appellants alleged that the defendants, an advertising company and its employees, had perpetrated a number of fraudulent schemes in the course of performing their contract with Etoll to market and advertise its product, including deliberately submitting bills containing fictitious charges and unauthorized markups; concealing less expensive ways to accomplish a "market launch" of the product; taking undisclosed kickbacks and commissions; and misrepresenting to Etoll that certain targets had no interest in email products, when in fact interest was high. The Superior Court held that these claims of fraud and misrepresentation were barred by the gist of the action rule, for the following reasons:

> All of these alleged acts of fraud arose in the course of the parties' contractual relationship. Moreover, the Appellees' duties regarding billing and performance were created and grounded in the parties' contract. Finally, these are the types of damages which would be compensable in an ordinary contract action; thus, the claim would essentially duplicate a breach of contract action to recover the allegedly-overbilled charges. The fraud at issue was not so tangential to the parties' relationship so as to make fraud the gist of the action. Rather, we conclude that the fraud claims are inextricably intertwined with the contract claims. Because the gist of appellant's fraud action lies in contract, the trial

>court did not err as a matter of law in dismissing the fraud claim under the gist
>of the action doctrine.

*Etoll*, 811 A.2d at 20-21.

As plaintiff has pointed out, in *Sullivan v. Chartwell Ins. Partners*, 873 A.2d 710 (Pa. Super. 2005), the Superior Court of Pennsylvania permitted a claim of fraud to proceed despite the contractual relationship between plaintiff and defendant. As the Court stated, "since Appellant's tort claims related to the inducement to contract, they are collateral to the performance of the contract and therefore, are not barred by the gist-of-the-action doctrine." *Id.* at 719.

The factual allegations in the complaint adequately set forth claims for fraud in the inducement. See ¶¶ 13 and 14. After analyzing the *Etoll* factors and the rulings of the Court in *Sullivan*, this Court finds that the plaintiff's claims of misrepresentation (intentional and negligent) are claims of fraud in the inducement and are not barred by the "gist of the action" doctrine.[2]

### Plaintiff's Claim Under the Unfair Trade Practices and Consumer Protection Law (UTPCPL) is Sufficiently Pled

Finally, defendants assert that plaintiff's claim under the UTPCPL is deficient because plaintiff's allegation do not amount to common law fraud. Under the UTPCPL, a plaintiff must show that he justifiably relied on defendant's wrongful conduct or representations and that he suffered harm as a result of that reliance. *See Weinberg v. Sun Co.*, 777 A.2d 442 (Pa. 2001). In *Grimm v. Washington Mutual Bank*, 2008 WL 285377 (W.D. Pa. July 22, 2008), the Honorable

---

[2]However, as for plaintiff's claim of financial negligence against defendant Mony, because this case is in the early stages of litigation and defendant Mony has not yet answered and admitted or denied that there was a contract, defendant Mony may again raise the "gist of the action" doctrine at the appropriate time following the pleadings.

Terrence F. McVerry recently stated that a plaintiff may allege deception, as opposed to common law fraud, to set forth an actionable claim under the UTPCPL. 2008 WL 285377 *6 (citing *Wilson v. Parisi*, 549 F.Supp.2d 637 (M.D.Pa.2008); *Alberton v. Commonwealth Land Title Ins. Co.*, 247 F.R.D. 469 (E.D.Pa.2008); *Cohen v. Chicago Title Ins. Co.*, 242 F.R.D. 295 (E.D.Pa.2007); *Flores v. Shapiro & Kreisman*, 246 F.Supp.2d 427, 432 (E.D.Pa.2002) (holding that, to survive a motion to dismiss, plaintiff seeking relief under UTPCPL need allege only that conduct was deceptive; all six elements of common law fraud are not necessary)). Accordingly, this Court finds that plaintiff has set forth a valid claim under the UTPCPL.

**AND NOW,** this 2nd day of September, 2008, **IT IS HEREBY ORDERED** that defendants' motion to dismiss, or in the alternative for summary judgment, (doc. nos. 9 and 16) **IS DENIED** without prejudice to defendants raising the issues set forth therein in a motion for summary judgment at the appropriate time following discovery.[3]

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All ECF registered counsel

---

[3] Defendants may not, however, re-raise the issues regarding time bar and superseding cause on the tort claims in a renewed motion for summary judgment, as this Court has ruled that these issues must be resolved by the trier of fact.